Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000873
08-FEB-2019
07:48 AM

NO. CAAP-17-0000873

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER
POOLING AND SERVICING AGREEMENT DATED AS OF JUNE 1, 2006
SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR2
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR2,
Plaintiff-Appellee,
v.
PHILIP DETOL, ROXANNE TOM-DETOL,
Defendants-Appellants
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0237-02)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

In an appeal arising out of a judicial foreclosure,
Defendants-Appellants Philip Detol and Roxanne Tom-Detol (**the
Detols**) appeal from a "Judgment" (**Judgment Confirming Sale**)
entered pursuant to an "Order Confirming Foreclosure Sale,
Approving Commissioner's Report, Allowance of Commissioner's
Fees, Attorneys' Fees, Costs, Directing Conveyance, and for Writ
of Ejectment" (**Order Confirming Sale**), both filed November 13,

2017, by the Circuit Court of the First Circuit (**Circuit Court**).[1] The Judgment Confirming Sale was entered in favor of Plaintiff-Appellee Wells Fargo Bank, National Association, as Trustee Under Pooling and Servicing Agreement Dated as of June 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR2 Mortgage Pass-Through Certificates, Series 2006-FR2 (**Wells Fargo Bank**).

On appeal, the Detols contend that: (1) the Circuit Court abused its discretion by entering the Judgment Confirming Sale because Wells Fargo Bank failed to allow the Detols the opportunity to cure their default and stop the foreclosure sale, and; (2) the Circuit Court abused its discretion by failing to engage the issue of whether Wells Fargo Bank had standing to foreclose on the subject mortgage.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Detols' points of error as follows and affirm.

On February 11, 2015, Wells Fargo Bank filed a complaint for foreclosure against the Detols. On October 4, 2016, the Circuit Court granted Wells Fargo Bank's motion for summary judgment seeking a decree of foreclosure (**Summary Judgment/Foreclosure Decree**) and also entered a Judgment on the decree of foreclosure (**Foreclosure Judgment**).[2] The Detols did not appeal from the Foreclosure Judgment.

(1) As to the Detols' first contention, notwithstanding a right to cure a default discussed in Santiago v. Tanaka, 137 Hawai'i 137, 156, 366 P.3d 612, 631 (2016), the Detols did not cure by the day of the Order Confirming Sale. As the Hawai'i Supreme Court explained in Santiago, "it is typical in foreclosure cases that a right to cure a default and stop the

_____

[1] The Honorable Dean E. Ochiai presided over the confirmation of sale proceeding.

[2] The Honorable Edwin C. Nacino presided over the motion for summary judgment proceeding.

2

foreclosure continues <u>up to the day of the confirmation of sale</u>." <u>Id.</u> at 157, 366 P.3d at 632 (emphasis added) (citation omitted).

The court in <u>Santiago</u> declared a foreclosure sale unlawful when the defaulting party had *already* cured their default prior to the foreclosure sale. <u>Id.</u> In the case at bar, however, the Detols did not cure their default by the day of the confirmation of sale.[3] Thus, the Circuit Court did not deny the Detols a right to cure by entering the Judgment Confirming Sale.[4] <u>See</u> <u>id.</u>

(2) Regarding the Detols' second contention, they argue that Wells Fargo Bank lacked standing because Wells Fargo Bank failed to demonstrate that it was in possession of the original note and was entitled to enforce the note at the time the action was filed. However, the *res judicata* effect of the Foreclosure Judgment bars the Detols' request for relief in this appeal based on a challenge to Wells Fargo Bank's standing. <u>See</u> <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawaiʻi 11, 304 P.3d 1192 (2013).

In <u>Wise</u>, the Hawaiʻi Supreme Court held that, in foreclosure cases, the doctrine of *res judicata* precludes foreclosure defendants from raising defenses at the confirmation of sale stage of the proceedings that could have been raised in challenging entry of a foreclosure judgment. <u>Id.</u> at 17-18, 304 P.3d at 1198-99.

Because the defendants in <u>Wise</u> never challenged the foreclosure judgment, the foreclosure judgment became final and binding. <u>Id.</u> at 17, 304 P.3d at 1198. The defendants' failure

---

[3] During the hearing on Wells Fargo Bank's "Motion [to Confirm Foreclosure Sale]," the Detols admitted through counsel that they were *not* "ready, willing and able to bring the mortgage current, reimburse the lending institution for its fees and costs right now".

[4] On appeal, the Detols argue that Wells Fargo Bank failed to comply with the Real Estate Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and its implementing regulation, Regulation X. The Detols did not, however, raise this issue in the Circuit Court. "Legal issues not raised in the trial court are ordinarily deemed waived on appeal." <u>Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd.</u>, 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).

to appeal from the foreclosure judgment precluded them from raising the issue of standing on appeal from the order confirming sale. Id. at 19, 304 P.3d at 1200.

> [T]he foreclosure judgment determined the merits of the controversy, rendering subsequent proceedings incident to its enforcement . . . [W]e conclude that *res judicata* would preclude Petitioners from challenging Respondent's standing in their appeal from the order confirming sale, despite the general proposition that a lack of standing may be raised at any time. Under the doctrine of *res judicata*, challenges to Respondent's standing were subsumed under the foreclosure judgment, which had [become] final and binding.

Id. at 17, 304 P.3d at 1198 (emphasis added) (citation omitted).

Here, like in Wise, the Detols did not appeal from the Foreclosure Judgment. Hence, the Foreclosure Judgment became final and binding, and the Detols are barred from challenging Wells Fargo Bank's standing in this appeal.

Therefore, IT IS HEREBY ORDERED that the "Judgment" entered on November 13, 2017, by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, February 8, 2019.


On the briefs:

Gary Victor Dubin,
Matthew K. Yoshida,
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather,
Skylar G. Lucas,
Peter T. Stone,
(TMLF Hawaii, LLLC)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge